UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BYRON McCLAY                                      CIVIL ACTION

VERSUS                                            NO: 11-2863

SHERIFF MARLIN N. GUSMAN ET AL.                   SECTION: R

**ORDER**

Plaintiff Byron McClay filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. Having reviewed *de novo* the complaint, the record, the applicable law, the Magistrate Judge's Report and Recommendation, and the plaintiff's objections thereto, the Court approves the Report and adopts it as its opinion.

In his opposition to the Magistrate's Report, plaintiff contends that his medical condition was "incompetently misdiagnosed" by the medical staff at the detention facility in which he was incarcerated, and that the staff showed deliberate indifference to his medical problems. As noted by the Magistrate Judge, however, the medical staff prescribed appropriate medication to address plaintiff's high blood pressure and altered the drug regimen when plaintiff began to suffer nose bleeds.

Whether or not the attempts to treat plaintiff's hypertension while eliminating the side effects proved successful, the staff did not intentionally ignore plaintiff's ailments. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) ("A showing of deliberate indifference requires the prisoner to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.") (internal quotation marks and footnotes omitted).

Plaintiff also contends that he was forced to occupy an overcrowded cell for four months; that he was forced to sleep on a mat on the floor of the cell for a period of 17 days; that the cell's walls had peeling paint and mold; and that the cell's toilet frequently overflowed when flushed. To bring a claim of inadequate prison conditions within the ambit of the Eighth Amendment, a prisoner must show that the defendants "(1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed." *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). As discussed in the Magistrate Judge's Report, plaintiff's allegations neither indicate that plaintiff faced an excessive

risk of harm, nor that defendants recognized any such risk. Contrary to plaintiff's assertion, that prison officials might have known that the unpleasant conditions existed does not imply that they also appreciated that the conditions posed a significant threat to plaintiff's health.

Accordingly,

IT IS ORDERED that plaintiff's suit is DISMISSED WITH PREJUDICE as frivolous and/or for failure to state a claim on which relief may be granted.

New Orleans, Louisiana, this 14th day of August, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE